1  **GRIFFITH & THORNBURGH, LLP**
ATTORNEYS AND COUNSELORS

2  8 EAST FIGUEROA STREET, SUITE 300
POST OFFICE BOX 9

3  SANTA BARBARA, CA 93102-0009
TELEPHONE: 805-965-5131

4  TELECOPIER: 805-965-6751

(SPACE BELOW FOR FILING STAMP ONLY)

ENTERED

MAR 2 8 2012

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY                    Deputy Clerk

5  Joseph M. Sholder, Bar No. 126347

6  Jill M. Himlan, Bar No. 267166

7  Attorneys for Debtors in Possession David and Carla Flynn

FILED

MAR 2 4 2012

CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY                    Deputy Clerk

8

9  **UNITED STATES BANKRUPTCY COURT**

10  **CENTRAL DISTRICT OF CALIFORNIA**

11  **NORTHERN DIVISION**

12

13  In re                            )   BK No. 9:10-bk-14821-RR
                                     )
14  DAVID L. FLYNN AND CARLA         )   Chapter 11
    FLYNN,                           )
15                                   )   ORDER CONFIRMING FIRST
    Debtors and Debtors in          )   AMENDED PLAN OF
16  Possession                       )   REORGANIZATION DATED JANUARY
                                     )   27, 2012
17                                   )
                                     )
18                                   )   Date:  March 21, 2012
                                     )   Time:  11:00 a.m.
19                                   )   Place: 1415 State Street
                                     )          Santa Barbara CA.,
20                                   )          Courtroom 201
                                     )
21                                   )
                                     )
22                                   )
                                     )
23                                   )

LODGED

MAR 2 1 2012

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY                    Deputy Clerk

24      The hearing on the confirmation of Debtors and Debtors-In-

25  Possession David L. Flynn And Carla Flynn ("Debtors") First

26  Amended Plan of Reorganization (the "Plan") was held at the

27  above date, time and place, the Honorable Robin L. Riblet,

28  United States Bankruptcy Judge, presiding.

-1-

ORIGINAL

1    Joseph M. Sholder of Griffith & Thornburgh, LLP, appeared

2  on behalf of the Debtor.  Any other appearances were as noted

3  on the record of these proceedings.

4    The court, having considered the Plan, the papers and

5  pleadings on file in this matter, and the arguments of counsel,

6  and based upon the findings of the court made on the record of

7  these proceedings,

8    HEREBY ORDERS AS FOLLOWS:

9    1.   The Plan, a copy of which is attached hereto as

10 Exhibit A, is confirmed.

11   2.   The Plan shall be binding upon: (a) the Debtors, and

12 (b) any Creditors[1] or parties in interest of the Debtors,

13 whether or not the Claim or Interest of such Creditor or party

14 in interest filed a Claim or has accepted the Plan.

15   3.   Except as otherwise provided in the Plan, upon entry

16 of a discharge by the Court pursuant to 11 U.S.C. §1141(d)(5),

17 the Debtors are discharged from debt as defined in 11 U.S.C.

18 §101(12), and the Debtors' liability for each debt is

19 extinguished.  All Claims and debts of the Debtors, whether

20 reduced to judgment, asserted or unasserted, fixed or not,

21 matured or unmatured, disputed or undisputed, legal or

22 equitable, known or unknown, that arose from any agreement the

23 Debtors entered into, or obligation incurred by the Debtors,

24 before the Confirmation Date, including, without limitation,

25 all interest, if any, on such debts, whether such interest was

26

27 [1] All capitalized terms in this order shall have the meaning as accorded them

28 in the Plan.

1  incurred before or after the Filing Date, including but not

2  limited to any liability of a kind specified in 11 U.S.C.

3  §§502(g), (h) and (i), whether or not a proof of claim is filed

4  or deemed filed under 11 U.S.C. §501, and whether any such

5  claimant has accepted the Plan, which may be permissibly

6  discharged or released under 11 U.S.C. §1141, are discharged

7  upon entry of a discharge by the Court pursuant to 11 U.S.C.

8  §1141(d)(5), except those expressly provided for in the Plan or

9  this Confirmation Order.

10     4.    From and after entry of a discharge by the Court

11  pursuant to 11 U.S.C. §1141(d)(5), any judgment at any time

12  obtained, to the extent that such judgment is a determination

13  of the liability of the Debtors, is void except as expressly

14  provided in the Plan.  any judgment at any time obtained, to

15  the extent that such judgment is a determination of the

16  liability of the Debtors, is void except as expressly provided

17  in the Plan.

18     5.    The Court retains jurisdiction of this case pursuant

19  to and for the purposes set forth in 11 U.S.C. §1127(b) and

20  §1142(b) and for the following purposes:

21          A.    Allowance   or   disallowance   of   Claims   or

22  Interests;

23          B.    To hear all objections to Claims or Interests;

24          C.    To   fix   allowance   of   compensation   and   other

25  Administrative Expenses;

26          D.    To    resolve    disputes    concerning    the

27  interpretation   or   implementation   of   the   Plan   or   this

28  Confirmation Order, including, but not limited to, resolution

1  of any ambiguities in the Plan and to enforce the

2  implementation of the Plan or this Confirmation Order;

3       E.  To correct any defect, cure any omission or

4  reconcile an inconsistency in the Plan or this Confirmation

5  Order as may be necessary to carry out the purpose and intent

6  of the Plan;

7       F.  To enter any order or decree closing the

8  Debtors' Estate;

9       G.  To interpret and enforce by injunction or other-

10 wise the terms and conditions of the Plan;

11      H.  To enforce the injunction set forth in paragraph

12 6 of this Confirmation Order.

13     6.  Except as otherwise provided in the Plan, when the

14 Debtors receive a discharge pursuant to 11 U.S.C. §1141(d)(5),

15 all entities who have held, hold or may hold Claims against the

16 Debtors are permanently enjoined from: (a) commencing or

17 continuing in any manner any action or proceeding of any kind

18 with respect to any Claim against the Debtors; (b) the

19 enforcement, attachment, collection or recovery, by any manner

20 or means, of any judgment, award, decree or order against the

21 Debtors, or the property of the Debtors, with respect to any

22 such Claim; (c) creating, perfecting or enforcing any

23 encumbrance of any kind against the Debtors, or against

24 property of the Debtors with respect to any such Claim; (d)

25 asserting any setoff, right of subrogation or recoupment of any

26 kind against any obligation due to the Debtors, or against

27 property of the Debtors with respect to any such Claim.

28

1        7.    Except as otherwise expressly provided in the Plan or

2   this Confirmation Order, on the Effective Date, the Debtors

3   shall be vested with all property of the Estate free and clear

4   of all Claims, liens, encumbrances and charges.   The Debtors

5   shall comply in all respects with the provisions of the Plan

6   and this Confirmation Order and shall continue as Debtors-In-

7   Possession under the Bankruptcy Code until the Effective Date.

8        8.    The automatic stay of 11 U.S.C. §362 shall remain in

9   effect as to the Debtors until the Debtors receive a discharge

10  pursuant to 11 U.S.C. §1141(d)(5) except as provided in the

11  Plan.

12       9.    The provisions of Federal Rule of Bankruptcy

13  Procedure 3020(e), 6004(h and 6006(d) are waived.   This Order

14  is Effective immediately.

15       9.    A post-confirmation status conference will be held on

16  _____, at _____ a.m./p.m. unless the Court has

17  entered Final Decree before that date.   If a Final Decree has

18  not been entered, the Debtors shall file a Status Report with

19  the court on or before _____.   That Report shall

20  contain the following information:

21            A.   A schedule listing for each debt and Class of

22  Claims; the total required to be paid under the Plan; the

23  amount required to be paid as of the date of the Report; the

24  amount actually paid as of the date of the Report; and the

25  deficiency, if any, in required payments;

26            B.   A schedule of any and all post-confirmation tax

27  liabilities that have accrued or come due, and a detailed

28  explanation of when those tax liabilities will be paid;

1       C.   The Debtors' projections as to their continuing

2  ability to comply with the terms of the Plan;

3       D.   An estimate of the date for Substantial

4  Consummation of the Plan and when the Debtors will file an

5  application for a Final Decree; and

6       E.   Any other pertinent information needed to

7  explain the progress toward completion of the Confirmed Plan.

8      10.  If there is any conflict between this Confirmation

9  Order and the Plan, this Confirmation Order shall control.

10

11  Dated: March 24, 2012

*Robin Riblet*

ROBIN L. RIBLET
12                    UNITED STATES BANKRUPTCY JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
**GRIFFITH & THORNBURGH, LLP**
ATTORNEYS AND COUNSELORS

(SPACE BELOW FOR FILING STAMP ONLY)

2
8 EAST FIGUEROA STREET, SUITE 300
POST OFFICE BOX 9

3
SANTA BARBARA, CA 93102-0009
TELEPHONE: 805-965-5131

4
TELECOPIER: 805-965-6751

5
Joseph M. Sholder, Bar No. 126347

6
Attorneys for DAVID L. FLYNN AND CARLA FLYNN,

7
Debtors and Debtors-in-Possession

8

9
**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

10
**NORTHERN DIVISION**

11

12
In re

13
David L. Flynn and Carla
Flynn,

14

15
Debtors and Debtors-in-
Possession.

16

17

18

19

BK No. 9:10-bk-14821-RR

Chapter 11

FIRST AMENDED PLAN OF
REORGANIZATION

CONFIRMATION HEARING

Date:  March 21, 2012
Time:  11:00 a.m.
Place: 1415 State Street
       Courtroom

20

21
**INTRODUCTION**

22
Debtors  and  Debtors-in-  Possession,  David  L.  Flynn  and

23
Carla Flynn, ("Debtor") propose this First Amended Chapter 11

24
Plan of Reorganization.

25
**SECTION 1**

26
**DEFINITIONS**

27
1.01.  **Administrative Claim** shall mean a Claim for any

28
cost or expense of administration in connection with this Case

- 1 -

1  of a kind specified in §§ 503(b), 507(a)(1) and/or 364(c)(1) of

2  the Code, including, without limitation, the actual, necessary

3  costs and expenses of preserving the Estate and of operating

4  the business of the Debtor, including wages, salaries,

5  commissions or any other compensation for services rendered

6  after commencement of the Case as allowed by the Court after

7  notice and hearing pursuant to § 503(b) of the Code,

8  compensation for legal or other services and reimbursement of

9  costs and expenses under §§ 330(a) or 331 of the Code or

10  otherwise allowed by the Court, and all fees and charges

11  assessed against the Estate under Chapter 123, Title 28, United

12  States Code (28 U.S.C. § 1911, et seq.)

13      **1.02.**    **Allowed Amount** shall mean the dollar amount of

14  an Allowed Claim.

15      **1.03.**    **Allowed Claim** shall mean a Claim:

16      (a)  With respect to which a proof of Claim has

17  been Filed with the Court within the applicable period of

18  limitation fixed by Rule 3001 or an order of the Court; or

19      (b)  Scheduled in the list of Creditors prepared

20  and Filed with the Court pursuant to Rule 1007(a) and (b) and

21  not listed as disputed, contingent or unliquidated as to

22  amount; and

23      (c)  In either case as to which either no

24  objection to the allowance thereof has been interposed within

25  any applicable period of limitation fixed by Rule 3001 or an

26  order of the Court, or if a timely objection has been

27  interposed, it has been overruled or withdrawn pursuant to

28  stipulation, order or judgment which is no longer subject to

-2-

1  appeal or certiorari proceeding, and as to which no appeal or

2  certiorari proceeding is pending.

3      **1.04.**  **Allowed Secured Claim** shall mean an Allowed

4  Claim secured by a lien, security interest, or other charge

5  against or interest in, property in which the Debtor has an

6  interest, or which is subject to setoff under § 553 of the

7  Code, to the extent of the value (determined in accordance with

8  § 506(a) of the Code) of the interest of the holder of such

9  Allowed Claim and the Debtor's interest in such property or to

10  the extent of the amount of such setoff, as the case may be.

11      **1.05.**  **Assets** shall mean all Debtor's real and personal

12  property assets.

13      **1.06.**  **Bar Date** shall mean January 31, 2012, the date

14  the fixed in the Disclosure Statement as the last date to file

15  proofs of Claim, including amendments thereto for claims before

16  the Petition Date and sixty days after the Effective Date for

17  Administrative Claims.

18      **1.07.**  **Case** shall mean the Chapter 11 bankruptcy

19  proceeding commenced in the Court by the Debtor on the Petition

20  Date.

21      **1.08.**  **Cash on Hand** shall mean all funds in Debtor's

22  Debtor-In-Possession account.

23      **1.09.**  **Claim** shall mean any right to payment, or right

24  to an equitable remedy for breach of performance if such a

25  breach gives rise to a right to payment, against the Debtor in

26  existence on, or as of the Confirmation Date, whether or not

27  such right to payment or right to an equitable remedy is

28  reduced   to   judgment,   liquidated,   unliquidated,   fixed,

-3-

1   contingent, matured, unmatured, disputed, undisputed, legal,
2   secured or unsecured.

3   **1.10.** __Claimant or Creditor__ shall mean the holder of a
4   Claim.

5   **1.11.** __Class__ shall mean any class into which Allowed
6   Claims or Allowed Interests are classified pursuant to Section
7   4 of the Plan.

8   **1.12.** __Code__ shall mean the Bankruptcy Code, 11 U.S.C. §
9   101 et seq., and any amendments thereof.

10  **1.13.** __Collateral__ shall mean any property of the Debtor
11  subject to a valid and enforceable lien to secure the payment
12  of an Allowed Secured Claim.

13  **1.14.** __Confirmation Date__ shall mean the date the Court
14  enters an Order of Confirmation.

15  **1.15.** __Court__ shall mean the United States Bankruptcy
16  Court for the Central District of California, in which the Case
17  is pending and any court having competent jurisdiction to hear
18  appeals or certiorari proceedings therefrom.

19  **1.16.** __Debtor__ shall mean David L. Flynn and Carla
20  Flynn, the Debtors and Debtors-In-Possession in this case.

21  **1.17.** __Disallowed Claim__ shall mean any Claim or portion
22  thereof which has been disallowed by a Final Order.

23  **1.18.** __Disclosure Statement__ shall mean the Debtor's
24  First Amended Disclosure Statement re Plan of Reorganization
25  prepared pursuant to § 1125 of the Code with respect to the
26  Plan, together with any amendments or modifications thereto.

27  **1.19.** __Disputed Claim__ shall mean: (a) a Claim as to
28  which, if no proof of Claim or request for payment of

-4-

1  Administrative Claim has been Filed by the Bar Date or has

2  otherwise been deemed timely Filed under applicable law and

3  such Claim has been scheduled by the Debtor in its Schedules as

4  other than disputed, contingent or unliquidated: (1) the Debtor

5  has objected to the Claim and (2) (i) any agreement to settle

6  the dispute has not been executed, or (ii) if such agreement

7  was executed prior to the Confirmation Date, such agreement has

8  not been approved by the Court; or (b) a Claim as to which, if

9  a proof of Claim or request for payment of Administrative Claim

10  has been Filed by the Bar Date or has otherwise been deemed

11  timely Filed under applicable law, an objection has been Filed

12  by the Debtor or any other party in interest and which

13  objection, if timely Filed, has not been withdrawn on or before

14  any date fixed by the Plan or order of the Court for Filing

15  such objections and such objection has not been denied by a

16  Final Order.  Prior to the time that an objection has been or

17  may be timely Filed, for purposes of the Plan, a Claim asserted

18  in a proof of Claim shall be considered a Disputed Claim if:

19  (a) the amount of the Claim specified in the proof of Claim

20  exceeds the amount of any corresponding Claim scheduled by the

21  Debtor in its Schedules (b) any corresponding Claim in the

22  Debtor's Schedules has been scheduled as disputed, contingent

23  or unliquidated, irrespective of the amount scheduled; or (c)

24  no corresponding Claim has been scheduled by the Debtor in its

25  Schedules.  As to any Disputed Claim, only the portion thereof

26  which either (a) exceeds the amount of any corresponding Claim

27  scheduled by the Debtor in its Schedules or (b) is asserted by

28  the Debtor in objections Filed in connection therewith as

- 5 -

disputed, contingent or unliquidated shall be deemed the "disputed portion" of such Disputed Claim.

1.20.   **Effective Date** shall mean the tenth day after the Confirmation Date, unless such tenth day is a Saturday, Sunday or Court holiday, in which case the Effective Date shall be the next day that is not a Saturday, Sunday or Court holiday.

1.21.   **Estate** shall mean the Chapter 11 bankruptcy estate established pursuant to § 541(a) of the Code by the commencement of this Case on the Petition Date and all property thereof as set forth in §§ 541(a) and 1115 of the Code.

1.22.   **Executory Contracts** shall mean all unexpired leases and executory contracts within the meaning of § 365 of the Code.

1.23.   **Fee Application** shall mean the application of a professional person under §§ 330, 331 or 503 of the Code for allowance of compensation and/or reimbursement of expenses in the Case.

1.24.   **File or Filed** shall mean file or filed with the Court in this Case.

1.25.   **Final Decree** shall mean the Final Decree entered by the Court after substantial consummation of the Plan pursuant to Rule 3022.

1.26.   **Final Order** shall mean any order of the Court with respect to which no party in interest has any further right of appeal pursuant to Rule 8001, et seq., of the Rules and that is no longer subject to appeal or certiorari

-6-

1 proceeding, and as to which no appeal or certiorari proceeding
2 is pending.

3    1.27.   **Hearing on Confirmation** shall mean the hearing
4 the Court conducts on the date noticed as the hearing on
5 confirmation of this Plan as set in the Order approving the
6 Disclosure Statement, as such hearing may be continued from
7 time to time by the Court.

8    1.28.   **Insider** shall mean Persons coming within the
9 definition of an "insider" of the Debtor in § 101(31) of the
10 Code.

11    1.29.   **Interest** shall mean the rights of Debtor in its
12 exempt property and property not distributed to Creditors under
13 the Plan.

14    1.30.   **Interest Holder** shall mean the Debtor.

15    1.31.   **Order of Confirmation** shall mean the order
16 entered by the Court confirming the Plan in accordance with the
17 provisions of Chapter 11 of the Code.

18    1.31A.   **Payment Deadline** shall mean the deadline by which
19 the Debtor must pay Creditors holding Allowed Claims.

20    1.32.   **Person** shall mean an individual, corporation,
21 partnership, joint venture, trust, estate, unincorporated
22 organization, or a government or any agency or political
23 subdivision thereof.

24    1.33.   **Petition Date** shall mean September 20, 2010.

25    1.34.   **Plan** shall mean this First Amended Chapter 11
26 Plan of Reorganization Filed by the Debtor, as amended or
27 modified in accordance with the Code.

28

-7-

1     **1.35.**    **Plan Debt** shall mean the total of the all

2 Allowed Claims, Allowed Secured Claims, Administrative Claims,

3 Secured Tax Claims, Priority Tax Claims and Other Priority

4 Claims in this Case.

5     **1.36.**    **Priority Tax Claims** shall mean Claims entitled

6 to priority pursuant to § 507(a)(8) of the Code.

7     **1.36A.**    **Property** shall mean the Debtors' residence

8 located at 2126 East Valley Road, Montecito, California, 93108.

9     **1.37.**    **Pro Rata** shall mean, with respect to any holder

10 of Plan Debt, the proportion that the amount of such holder's

11 Plan Debt bears to the aggregate amount of the Plan Debt in the

12 same category or Class as such holder.

13     **1.38.**    **Rule or Rules** shall mean one or more of the

14 Federal Rules of Bankruptcy Procedure, as amended.

15     **1.38A.**    **Sale Deadline** shall mean six months after the

16 Effective Date, the deadline by the Property must be sold or

17 refinanced.

18     **1.39.**    **Schedules** shall mean the Schedules of Assets and

19 Liabilities and the Statement of Financial Affairs Filed herein

20 by the Debtor, pursuant to Rules 1007(a) and (b) together with

21 any amendments thereto hereinbefore or hereafter Filed with the

22 Court.

23     **1.40.**    **Secured Claims** shall mean Claims which are

24 secured by some or all of the Assets of the Estate.

25     **1.41.**    **Secured Creditor** shall mean the holder of a

26 Secured Claim.

27     **1.42.**    **Unsecured Claims** shall mean Claims that are not

28 Administrative Claims, Secured Claims, Other Priority Claims,

- 8 -

1  or Priority Tax Claims, but shall include the unsecured portion

2  of any Secured Claims.

3     **1.43.**     **Unsecured Creditor** shall mean the holder of an

4  Unsecured Claim.

5  ## SECTION 2

6  ## ADMINISTRATIVE CLAIMS

7     Administrative Claims consist of the allowed fees and

8  expenses incurred by Debtor's general bankruptcy counsel,

9  claims of the Debtor's real estate brokers employed by the

10  Court, quarterly fees owed to the United States Trustee, and

11  Claims incurred in the ordinary course of Debtor's business.

12  ## SECTION 3

13  ## PRIORITY TAX CLAIMS

14     Priority tax claims consist of the claim of the Internal

15  Revenue Service (proof of claim no. 5) for $4,457.18, and the

16  claim of the Franchise Tax Board (proof of claim no. 20) for

17  $840.97.

18  ## SECTION 4

19  ## CLASSIFICATION OF CLAIMS AND INTERESTS

20  **4.1. Classification of Claims:** In the Plan, the Debtor has

21  provided for the following classification of claims:

22     **4.1. Classification of Claims:** In the Plan, the

23  Debtor has provided for the following classification of claims:

24     **4.1.1.**    **Class 1.** The allowed secured claim of

25  Capital One, N.A., successor by merger with Chevy Chase Bank,

26  FSB, secured by a first trust deed on the Property.

27

28

-9-

1             **4.1.2.**   **Class 2**.   The allowed secured claim of

2   the fractional interest holders in the note secured by a second

3   trust deed on the Property.

4             **4.1.3.**   **Class 3**.   The allowed secured claim of

5   Challenge Asphalt secured by a judgment lien on the Property.

6             **4.1.4.**   **Class 4**.   The allowed secured claim of

7   Weidl Construction secured by a judgment lien on the Property.

8             **4.1.5.**   **Class 5**.   The allowed secured claim of

9   Santa Barbara County Treasurer-Tax Collector secured by a tax

10  lien on the Property.

11            **4.1.6.**   **Class 6**.   The allowed secured claim of

12  Toyota Motor Credit Corporation secured by a perfected lien on

13  the 2007 Lexus RX 350.

14            **4.1.7.**   **Class 7**.   The allowed claims of

15  general unsecured creditors.

16            **4.1.8.**   **Class 8**.   The allowed interests of the

17  Debtors.

18                      **SECTION 5**

19      **TREATMENT OF CLASSES OF CLAIMS AND INTERESTS**

20    **5.1.** **Treatment of Unclassified Claims**:

21      **5.1.1.**   **Administrative Claims**:

22      Debtor shall pay administrative claims allowed pursuant to

23  11 U.S.C. § 503(b) of the Code, including United States

24  Trustee's fees, in full, upon the effective date unless ordered

25  by the Court, in cash, or upon such other terms as may be

26  agreed upon by the holder of such administrative claim and the

27  Debtor, provided, however, that post-petition creditors who

28  have extended credit to the Debtor for services rendered or

1  goods delivered in the ordinary course of business will be paid

2  in accordance with the previously agreed upon terms without a

3  court order.   The administrative claims of the Debtor's

4  professionals shall be paid upon approval by the Court.

5  Any administrative claims which are disputed will be paid

6  in full, in cash, within 30 days of allowance or in accordance

7  with the terms agreed upon between any such administrative

8  claimant and the Debtor.

9  Debtor shall also pay post-confirmation quarterly fees to

10  the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6)

11  until entry of a Final Decree.   Until the entry of a Final

12  Decree, the Debtor will file with the Office of the United

13  States Trustee quarterly fee reports.   The first quarterly fee

14  report shall be filed on the 15th day of the month following

15  the end of the quarter in which the Plan is confirmed, and on

16  the 15th day of the month following the end of each quarter

17  thereafter.

18  **5.1.2.   Priority Tax Claims.**   The allowed tax claims

19  of the Internal Revenue Service and the Franchise Tax Board are

20  entitled to priority pursuant to 11 U.S.C. § 507(a)(8) of the

21  Code, including post-confirmation interest at 5%, in equal

22  monthly installments starting on the Effective Date.   Debtors

23  shall pay these claims with the remaining sales proceeds from

24  the sale of the Property after the secured creditors (Class 1

25  through Class 6) are paid in full.   Any surplus sales proceeds

26  remaining after the secured creditors are paid in full will be

27  used to pay the priority tax claims.

28

-11-

**5.2.   Treatment of Classes that are Unimpaired:**

    **5.2.1.   Class 6.**   The allowed secured claim of Toyota Motor Credit Corporation shall be paid according to the terms of the pre-Petition agreements between the Debtors and Toyota Motor Credit Corporation and Toyota Motor Credit Corporation shall be retain its pre-Petition lien and all rights it has against Debtors under the pre-Petition agreements.

    **5.2.2   Class 8.**   The Debtors shall retain their interests in the Property and other assets of this estate.

**5.3. Treatment of Classes that are Impaired.**

    **5.3.1.   Class 1.**   The allowed secured claim of Capital One, N.A., successor by merger with Chevy Chase Bank, FSB, secured by a first trust deed on the Property shall be paid from the proceeds from the sale or refinance of the Property by the Payment Deadline, which is sixty days after the Property is sold.   The Property shall be sold by the Sale Deadline (six months from the Effective Date).   If the Property isn't sold by the Sale Deadline or the Class 1 Creditor is not paid in full by the Payment Deadline, the Class 1 Creditor shall have immediate relief from the automatic stay to foreclose on the Property prior to any conversion of this case to chapter 7 unless the Debtors obtain a prior order from the Bankruptcy Court extending the Sale Deadline.   The sole cause for the Debtors to file a motion seeking an extension of the Sale Deadline is that they have the Property in a sale or refinance escrow that will close within 60 days of the Sale Deadline for an amount sufficient to pay the Class 1 Claim.

- 12 -

1 The Debtors shall notice the Class 1 Creditor of any motion to
2 extend the Sale Deadline by serving the Class 1 Creditor and
3 its attorneys of record.   The Class 1 Creditor shall have the
4 right to file an opposition to the Debtors' motion to extend
5 the Sale Deadline.   If the Property is not sold or refinanced
6 by any extended Sale Deadline, the Class 1 Creditor shall have
7 immediate relief from the automatic stay to foreclose on the
8 Property prior to any conversion of this case to chapter 7.
9 Upon a sale of the Property, the Debtors shall request a
10 current payoff quote from the Class 1 Creditor to pay the Class
11 1 Creditor's claim in full. Until the holder of the Class 1
12 Claim is paid in full, it shall retain its lien against its
13 Property with its same priority as it had pre-Petition.

14      5.3.2.   **Class 2**.  The allowed secured claim of the
15 fractional interest holders of the second trust deed on the
16 Property shall be paid from the proceeds from the sale or
17 refinance of the Property by the Payment Deadline. The Property
18 shall be sold by the Sale Deadline.   If the Property isn't
19 sold by the Sale Deadline or the Class 2 Creditor is not paid
20 in full by the Payment Deadline, then this case shall
21 automatically be converted one under chapter 7 unless the
22 Debtors obtain a prior order from the Bankruptcy Court
23 extending the Sale Deadline.  The sole cause for the Debtors to
24 file a motion seeking an extension of the Sale Deadline is that
25 they have the Property in a sale or refinance escrow that will
26 close within 60 days of the Sale Deadline for an amount
27 sufficient to pay the Class 2 Claim.   Until the holder of the
28

- 13 -

1   Class 2 Claim is paid in full, it shall retain its lien against

2   its Property with its same priority as it had pre-Petition.

3        **5.3.3.** **Class 3.** The allowed secured claim of

4   Challenge Asphalt secured by a judgment lien on the Property

5   shall be paid from the proceeds from the sale or refinance of

6   the Property by the Payment Deadline. The Property shall be

7   sold by the Sale Deadline. If the Property isn't sold by the

8   Sale Deadline or the Class 3 Creditor is not paid in full by

9   the Payment Deadline, then this case shall automatically be

10  converted one under chapter 7 unless the Debtors obtain a prior

11  order from the Bankruptcy Court extending the Sale Deadline.

12  The sole cause for the Debtors to file a motion seeking an

13  extension of the Sale Deadline is that they have the Property

14  in a sale or refinance escrow that will close within 60 days of

15  the Sale Deadline for an amount sufficient to pay the Class 3

16  Claim. Until the holder of the Class 3 Claim is paid in full,

17  it shall retain its lien against its Property with its same

18  priority as it had pre-Petition.

19       **5.3.4.** **Class 4.** The allowed secured claim of

20  Weidl Construction secured by a judgment lien on the Property

21  shall be paid from the proceeds from the sale or refinance of

22  the Property by the Payment Deadline. The Property shall be

23  sold by the Sale Deadline. If the Property isn't sold by the

24  Sale Deadline or the Class 4 Creditor is not paid in full by

25  the Payment Deadline, then this case shall automatically be

26  converted one under chapter 7 unless the Debtors obtain a prior

27  order from the Bankruptcy Court extending the Sale Deadline.

28  The sole cause for the Debtors to file a motion seeking an

- 14 -

1  extension of the Sale Deadline is that they have the Property

2  in a sale or refinance escrow that will close within 60 days of

3  the Sale Deadline for an amount sufficient to pay the Class 4

4  Claim.   Until the holder of the Class 4 Claim is paid in full,

5  it shall retain its lien against its Property with its same

6  priority as it had pre-Petition.

7         **5.3.5.    Class 5.** The allowed secured claim of Santa

8  Barbara County Treasurer-Tax Collector secured by a tax lien on

9  the Property shall be paid from the proceeds from the sale or

10  refinance of the Property by the Payment Deadline.    The

11  Property shall be sold by the Sale Deadline.   If the Property

12  isn't sold by the Sale Deadline or the Class 1 Creditor is not

13  paid in full by the Payment Deadline, then this case shall

14  automatically be converted one under chapter 7 unless the

15  Debtors obtain a prior order from the Bankruptcy Court

16  extending the Sale Deadline.   The sole cause for the Debtors to

17  file a motion seeking an extension of the Sale Deadline is that

18  they have the Property in a sale or refinance escrow that will

19  close within 60 days of the Sale Deadline for an amount

20  sufficient to pay the Class 5 Claim.    Until the holder of the

21  Class 1 Claim is paid in full, it shall retain its lien against

22  its Property with its same priority as it had pre-Petition.

23  **5.3.6.    Class 7.**  Class 7 general unsecured claims shall be

24  paid their pro rata share from the remaining sales proceeds

25  from the sale of the Property after the Classes 1 through Class

26  5 and the priority tax claims of the Internal Revenue Service

27  and the Franchise Tax Board are paid in full.    Given the

28  Debtors' estimate of the value of the Property, the Debtors

- 15 -

1  anticipate that the Class 7 Creditors will be paid in full with

2  interest at the Federal Judgment Rate of Interest applicable as

3  of the Effective Date.  Class 7 creditors shall be paid from

4  the proceeds from the sale or refinance of the Property by the

5  Payment Deadline.  The Property shall be sold by the Sale

6  Deadline.  If the Property isn't sold by the Sale Deadline or

7  the Class 7 Creditors are not paid by the Payment Deadline,

8  then this case shall automatically be converted one under

9  chapter 7 unless the Debtors obtain a prior order from the

10  Bankruptcy Court extending the Sale Deadline.  The sole cause

11  for the Debtors to file a motion seeking an extension of the

12  Sale Deadline is that they have the Property in a sale or

13  refinance escrow that will close within 60 days of the Sale

14  Deadline for an amount sufficient to pay the Class 5 Claim.

15  **SECTION 6**

16  **MEANS OF EXECUTION**

17      **6.1    Sale of the Property**: The Property has three legal

18  buildings on one site allowing for a compound where multiple

19  families can each live in separate structures.  This is both a

20  benefit in that this feature could not be duplicated under

21  existing zoning regulations and is ideal for extended families

22  who want to live on the same property, and a detriment in that

23  there are buyers for whom the three separate structures are not

24  an attractive feature.

25      The Property is currently listed with Bob Lamborn of

26  Sotheby's Realty International who has shown it to several

27  qualified buyers during the course of this case.  In addition,

28  the Debtors, who had previously reduced the listing price of

- 16 -

1  the Property from $7,495,000 to $6,495,000, have also agreed to

2  reduce the listing price to $5,850,000, to try to sell the

3  property more quickly, and even though Mr. Lamborn felt that

4  the $7,495,000 price was a realistic one for the Property, and

5  even though several qualified buyers who have seen the property

6  and who have expressed an interest in it have not questioned

7  the price.   The Flynns will again reduce the price to below

8  $6,000,000 to try to get these buyers to make an offer.

9      **6.2. The Submission of Debtor's Income for Five Years**.

10     This Plan proposes to pay Class 7 general unsecured claims

11  in full as required by 11 U.S.C. § 1129(a)(15)(A).   This Plan

12  also provides that if the Property sells at a price that is

13  inadequate to pay Class 7 creditors in full, as required by 11

14  U.S.C. § 1129(a)(15)(B), the Debtors' net disposable income (as

15  defined by 11 U.S.C. §1325(b)(2)) will be devoted to make Plan

16  payments for five years beginning on the date the first Plan

17  payment is due.

18     The Debtors currently receive no salary because neither of

19  them is working for an employer.   All their living expenses are

20  paid from rental income of the Property and they work full time

21  in that endeavor.   The rental income fluctuates during the year

22  and is sufficient to pay those living expenses and the costs of

23  protecting and maintaining and preserving the Property, but is

24  sufficient to make payments to creditors whose claims are

25  secured by the Property, let alone to Class 7 unsecured

26  creditors.   Mr. Flynn has worked as a mortgage broker but he

27  hasn't earned any income post-petition.   Therefore, it is

28  likely that the Debtors will be sufficient to pay his monthly

- 17 -

1  expenses and the payments to the Class 6 Creditor, Toyota

2  Financial Services but that there will be no surplus with which

3  to pay other claims based upon the Debtors' expenses listed on

4  Schedule J of their bankruptcy schedules.

5      **6.3** **Retention of remaining Assets by the Debtor**:   All

6  other Assets of the Debtor either have no equity or are exempt

7  and shall be retained by the Debtor subject to the terms of

8  this Plan.

9      **6.4.**    **Effective Date Payments**:   Debtor shall make the

10  Effective date payments to the holders of Allowed

11  Administrative Claims from Cash on Hand as of the Effective

12  Date.

13

14      **6.5**    **Liquidation and Payment of Claims**:

15      **6.5.1.**   Claims which the Debtor has scheduled on

16  the Schedules as undisputed, noncontingent and liquidated shall

17  be allowed as scheduled unless objections thereto have been

18  Filed by a party in interest within 60 days after the Effective

19  Date, after which time any such objections shall be deemed

20  waived, unless such period is extended for cause by order of

21  the Court upon a motion Filed within such 60-day period.

22      **6.5.2.**   Claims with respect to which proofs of

23  Claim have been Filed shall be allowed in the amounts stated on

24  the proofs of Claim unless objections thereto have been Filed

25  by a party in interest within 60 days after the Effective Date

26  unless such period is extended for cause by order of the Court

27  upon a motion Filed within such 60-day period.

28

1         6.5.3.    Notwithstanding any other provision of the
2    Plan or order of the Court, including, without limitation, the
3    order by which the Court established the Bar Date, Debtor shall
4    have the authority to File a proof of Claim on behalf of any
5    Claimant entitled under the Code to a Priority Tax Claim at
6    such time as the amount of such Priority Tax Claim is
7    determined by Debtor and such proof of Claim shall be deemed
8    timely Filed for all purposes under the Plan.

9         6.5.4.    Notwithstanding any other provision of the
10   Plan or order of the Court, including, without limitation, the
11   order by which the Court established the Bar Date, proofs of
12   Rejections Claims may be Filed after the Bar Date if the Debtor
13   has rejected the Executory Contract, pursuant to § 365(a) of
14   the Code, after the Bar Date.  In such case, the holder of the
15   Rejection Claim shall have until thirty (30) days after the
16   rejection in which to File its proof of Claim.

17       6.6.    **Additional Provisions Applicable To All Classes of**
18   **Claims and Interests:**

19        6.6.1.    The payments, distributions and other
20   treatments provided in respect to each Allowed Claim and
21   Allowed Interest in the Plan shall be in complete satisfaction,
22   discharge and release of such Allowed Claim and Allowed
23   Interest.

24        6.6.2.    Notwithstanding any other provision of the
25   Plan specifying a date or time for the payment or distribution
26   of consideration hereunder, payments and distributions in
27   respect of any Claim or Interest which at such date or time is
28   disputed, unliquidated or contingent shall not be made until

- 19 -

EXHIBIT A
page 25

1   such Claim or Interest becomes an Allowed Claim or Allowed

2   Interest, at which time Debtor shall make such payments and

3   distributions in accordance with the Plan, other than

4   provisions specifying a date or time for payment or

5   distribution.

6         **6.6.3.**    Any Claim against the Estate must be Filed

7   on or before the Bar Date.   If a Creditor is listed in the

8   Schedules as holding a liquidated, non-contingent, undisputed

9   Claim against the Estate, that Creditor will share, subject to

10  the provisions of this Section 6, in the distributions under

11  the Plan without the necessity of filing a proof of Claim,

12  unless Debtor has objected to the Claim so scheduled.   Each

13  individual Creditor, however, is charged with the

14  responsibility of determining that he, she or it is so listed

15  or Filing a proof of Claim in a timely manner.

16        **6.6.4.**    No de minimis Payments:    Notwithstanding

17  any provision of the Plan to the contrary, including provisions

18  requiring Pro Rata distributions, Debtor shall make no

19  distributions totaling less than One Hundred Dollars ($100.00)

20  to any Creditor entitled to receive distributions under the

21  Plan, unless specifically requested in writing by such

22  Creditor.   Debtor shall hold such de minimis distributions

23  until either such distributions are equal to or greater than

24  $100.00 or the time of any final distribution to be made to

25  such Creditor pursuant to the terms of the Plan, at which time

26  Debtor shall make such de minimis distributions.

27        **6.6.5.**    Debtor shall make no partial distribution

28  on account of any Claims which are Disputed Claims in whole or

- 20 -

1   in part, and all Claims of a Creditor in the same Class shall
2   be treated as one Claim for all purposes, regardless of how
3   many separate Claims may have been Filed by or on behalf of
4   that Creditor.

5   **SECTION 7**

6   **RESPONSIBILITIES, DUTIES, RIGHTS AND POWERS OF THE DEBTOR**

7   Until such time as the Plan Debt has been paid in full or
8   as otherwise provided under the Plan, Debtor shall perform the
9   following duties and responsibilities and have the following
10  rights and powers:

11  7.1. **U.S. Trustee's Post-Confirmation Reports and Fees**:
12  Until the entry of a Final Decree, the Debtor will file with
13  the Office of the United States Trustee quarterly fee reports.
14  The first quarterly fee report shall be filed on the 15th day of
15  the month following the end of the quarter in which the Plan is
16  confirmed and on the 15th day of the month following the end of
17  each quarter thereafter until the entry of a Final Decree.
18  Debtor shall also pay post-confirmation quarterly fees to the
19  United States Trustee pursuant to 28 U.S.C. § 1930(a)(6), until
20  entry of the Final Decree.

21  7.2. **Maintenance of Property and Insurance**: Debtor shall
22  maintain or cause to be maintained in good repair and working
23  order and condition, and make all necessary repairs, renewals,
24  replacements, additions, betterments and improvements to, the
25  properties and assets of the Estate, and maintain insurance
26  with responsible and reputable insurance companies or
27  associations on such of its properties and against such risks
28  as is customarily maintained by reputable companies engaged in

-21-

1  similar businesses and owning or operating similar properties

2  in the same general areas in which Debtor operates or in which

3  the properties and assets of the Estate are located, including

4  without limitation thereof, public liability, fire, and

5  workers' compensation insurance. As assets are sold, insurance

6  relative to the particular asset or assets sold may be canceled

7  by Debtor.

8      **7.4.**  **Payment of Taxes and Claims**:   Debtor shall pay and

9  discharge:

10      **7.4.1.**   All material claims and obligations,

11  including without limitation, claims and obligations for labor,

12  services, materials and supplies; and

13      **7.4.2.**   All taxes, assessments and governmental

14  charges or levies imposed upon the Estate or its income and

15  profits, or upon any property belonging to the Estate, prior to

16  the date on which the same shall be in default, which, if

17  unpaid, might become a lien or charge upon the property of the

18  Estate; provided that Debtor shall not be required to pay any

19  tax, assessment, charge, levy, obligation or Claim, the payment

20  of which is being contested in good faith (and in the case of

21  taxes, assessments, charges or levies, such contests being made

22  by appropriate proceedings promptly initiated and diligently

23  conducted) and in respect of which Debtor has set aside in the

24  Estate's books of account the proper reserve as shall be

25  required by generally accepted accounting principles then in

26  effect.

27      **7.5.**  **Compliance with Laws, Ordinances, Rules and**

28  **Regulations, etc.**:   Debtor shall comply in all material

- 22 -

1    respects with the requirements of all applicable laws,
2    ordinances, rules, regulations and orders of any governmental
3    authority, foreign or domestic, relating to the business of the
4    Estate, property of the Estate, or any transaction in which the
5    Debtor may on behalf of the Estate participate, and obtain and
6    maintain all licenses, permits, and approvals and other
7    governmental authorizations necessary for the ownership of the
8    properties and assets of the Estate and conduct of the Estate's
9    business in compliance with such laws, ordinances, rules and
10   regulations, provided that nothing herein contained shall
11   require compliance with any of the foregoing by Debtor where
12   the legality or application of such requirements is being
13   contested in good faith by appropriate proceedings promptly
14   initiated and diligently conducted and in respect of which, a
15   proper reserve has been set aside in the books of the Estate as
16   required by generally accepted accounting principles then in
17   effect.

18       **7.6.  Maintenance of Books and Records:**   Debtor shall
19   maintain a system of accounting established and administered in
20   accordance with generally accepted accounting principles then
21   in effect and true, complete and accurate records and books of
22   account, in which:

23       **7.6.1.**   True, complete and accurate entries will be
24   made in accordance with generally accepted accounting
25   principles then in effect reflecting all financial transactions
26   of the Estate; and

27

28

1        **7.6.2.**   All proper reserves required by generally

2    accepted accounting principles then in effect shall be set

3    aside.

4       **7.7.  Prepayments:**  Debtor may prepay Plan Debt, provided

5    that until such time as the Plan Debt shall have been paid in

6    full or as otherwise provided under the Plan or until such

7    other time as may be expressly specified below with respect to

8    any individual covenants, whichever is later, Debtor covenants

9    for the benefit of the holders of Plan Debt that they shall not

10   prepay any portion of the Plan Debt on other than a Pro Rata

11   basis within any Class of Claims or category of unclassified

12   Claims.

13      **7.8.  Payment of Claims:**  Debtor shall pay all Claims and

14   make such distributions as provided under the Plan.

15      **7.9.   Employment of Professionals:**   All professionals

16   whose employment by Debtor the Court has approved in the

17   Bankruptcy Estate shall be employed by Debtor after the

18   Confirmation Date upon the same terms and conditions without

19   further order of the Court.  After the Confirmation Date,

20   Debtor shall have the authority to employ, with or without

21   Court approval, such additional professional persons (as the

22   term "professional persons" is used in § 327 of the Code) and

23   on such terms as Debtor shall deem reasonable and necessary to

24   carry out the provisions of the Plan and to discharge Debtor's

25   duties and responsibilities under the Plan, including, without

26   limitation, accountants, appraisers, attorneys, auctioneers,

27   investment bankers, mortgage brokers and real estate brokers.

28

EXHIBIT A
page 30

1    **7.10.**    **Payment of Professionals:**    The professionals

2    employed as set forth in Section 7.9 above shall prepare

3    monthly statements for services rendered and expenses incurred

4    after the Confirmation Date and shall serve such statements on

5    Debtor.    Debtor shall pay such professionals in accordance with

6    Debtor's arrangements with such professionals without further

7    order of the Court.

8                            **SECTION 8**

9                    **RETENTION OF JURISDICTION**

10    Notwithstanding confirmation of the Plan, the Court shall

11    retain jurisdiction for all purposes provided by the Code,

12    including, but not limited to:

13    **8.1.** Making a determination as to the allowance of Claims

14    or objections thereto filed by Debtor or by any other party in

15    interest including but not limited to Administrative Tax

16    Claims.

17    **8.2.** Making a determination as to the request for payment

18    of Claims entitled to priority under § 507(a)(1) of the Code,

19    including, without limitation, compensation of professionals

20    for work completed prior to the Confirmation Date.

21    **8.3.** Resolving any disputes regarding interpretation or

22    consummation of the Plan.

23    **8.4.** Implementing the provisions of the Plan and issuing

24    orders in aid of consummation of the Plan, including, without

25    limitation, appropriate orders to protect Debtor and/or the

26    Estate, from Creditor action.

27    **8.5.** Modifying the Plan pursuant to § 1127 of the Code.

28

- 25 -

1  **8.6.** Adjudicating any causes of action and claims for
2  relief, including, but not limited to, actions under §§ 510,
3  542, 543, 544, 545, 547, 548, 549, 550, 551 and 553 of the
4  Code, brought by a representative of the Estate.

5  **8.7.** Determining any and all motions for rejection of
6  Executory Contracts and allowance of any Rejection Claims
7  pursuant to the Plan.

8  **8.8.** Enforcing and administering the provisions of the
9  Plan.

10 **8.9.** Correcting any defect, curing any omission or
11 reconciling any inconsistency in the Plan or Order of
12 Confirmation as may be necessary to carry out the purposes and
13 intent of the Plan.

14 **8.10.** Enforcing all orders, judgments, injunctions and
15 rulings entered in connection with this bankruptcy proceeding.

16 **8.11.** Adjudicating all claims or controversies arising out
17 of any purchase or contract made or undertaken by the Debtor
18 during the pendency of the Case.

19 **8.12.** Hearing and determining matters concerning state,
20 local and federal taxes pursuant to §§ 346, 505, 525 and 146 of
21 the Code.

22 **8.13.** Entering supplemental injunctive and enforcement
23 orders as may be necessary or appropriate to protect assets of
24 Debtor from disbursement in a manner inconsistent with the
25 Plan.

26 **8.14.** If the Court abstains from exercising or declines to
27 exercise jurisdiction or is otherwise without jurisdiction over
28 any matter arising in, arising under, or related to this

- 26 -

1  bankruptcy proceeding, including the matters set forth in this

2  Section 8, or if Debtor elects to bring an action in any other

3  forum, this Section shall have no effect upon and shall not

4  control, prohibit or limit the exercise of jurisdiction by any

5  other court having jurisdiction with respect to such matter.

6  **8.15.** Pending the Effective Date, the Court shall retain

7  jurisdiction over the assets of this estate that are necessary

8  to consummation of the Debtor's Plan and the provisions of 11

9  U.S.C. § 362(a) shall remain in full force and effect with

10  respect to said assets until the Effective Date.

11  **8.16.** Pending the Effective Date, the Court shall retain

12  jurisdiction with respect to the sale or refinance of any

13  assets which are necessary to consummation of the Debtor's Plan

14  and no such assets may be sold or refinanced without an order

15  of the Court after notice to creditors.

16  ### SECTION 9

17  #### EXECUTORY CONTRACTS

18  None.

19  ### SECTION 10

20  #### VESTING

21  Until the Effective Date, all property in the Estate shall

22  remain property of the Estate, and the provisions of 11 U.S.C.

23  § 362(a) shall remain in full force and effect subject,

24  however, to the terms of this Plan. From and after the

25  Effective Date, the property of the Estate shall, pursuant to

26  11 U.S.C. § 1141(d) of the Code, vest in the Debtor subject

27  only to valid non-avoidable liens. Debtor shall thereupon be

28  entitled to dispose of any of such property free of any

-27-

1    restrictions of the Code or the Court, except as otherwise

2    provided under the Plan.   In the event this case is, at any

3    time prior to the entry of a final decree, converted to a case

4    under Chapter 7, the property of the reorganized debtor will

5    revert to the Chapter 7 estate.

6                              **SECTION 11**

7                              **DISCHARGE**

8        The discharge Debtor herein from Claims as set forth in 11

9    U.S.C. § 1141(d)(1), except as specifically otherwise ordered

10   by the Court pursuant to § 1141(d)(3), shall occur pursuant to

11   the terms of 11 U.S.C. §1145(d)(5) provided, however, that the

12   Debtor shall not be discharged from any debts excepted from

13   discharge under 11 U.S.C. § 523.

14

15

16                             **SECTION 12**

17                             **MISCELLANEOUS**

18       **12.1.   Headings:**   The headings in this Plan are for

19   convenience of reference only and shall not limit or otherwise

20   affect the meanings hereof.

21       **12.2.   Notices:**   All notices required or permitted to be

22   made in accordance with the Plan shall be in writing and shall

23   be delivered by mail, personal service or by facsimile.

24           **12.2.1.**   If to Debtor, at 2126 East Valley Road,

25   Montecito, California, 93108, with copies to Griffith &

26   Thornburgh, LLP, 8 E. Figueroa Street, Third Floor, Santa

27   Barbara, California 93101, Attention Joseph M. Sholder, Esq.

28

- 28 -

EXHIBIT A
page 34

1      **12.2.2.**   If to a holder of an Allowed Claim or an

2   Allowed Interest, at the address set forth in its allowed proof

3   of Claim or interest or, if none, at its address set forth in

4   the Schedules.

5      **12.2.3.**   Notice shall be deemed given when received.

6   Any person may change the address at which it is to receive

7   notices under the Plan by sending written notice pursuant to

8   the provisions of this Section 12.2 to Debtor, Buyer and

9   counsel for Debtor and Buyer.

10     **12.3.**   **Section References**:   Unless otherwise specified,

11  all references in the Plan to sections are to sections of the

12  Plan.

13     **12.4.**   **Reservation of Rights**:   Neither the filing of the

14  Plan nor any statement or provisions contained herein, nor the

15  taking by any Creditor of any action with respect to the Plan

16  shall:

17     **12.4.1.**   Be or be deemed to be an admission against

18  interest; or

19     **12.4.2.**   Until the Effective Date, be or be deemed

20  to be a waiver of any rights which any might have against

21  Debtor, the Estate or any of its properties or any other

22  Creditor of Debtor and, until the Effective Date, all such

23  rights are specifically reserved.   In the event that the

24  Effective Date does not occur, neither the Plan nor any

25  statement contained herein may be used or relied upon in any

26  manner in any suit, action, proceeding or controversy within or

27  outside the reorganization case involving Debtor or the Estate.

28

- 29 -

EXHIBIT A
page 35

1     **12.5.**   **Gender:**   When any pronoun is stated in the Plan

2 specifying a certain gender, it shall be deemed to refer to any

3 person or entity, regardless of gender.

4     **12.6.**   **Singular or Plural Terms:**   Terms stated in the Plan

5 in the singular shall be deemed to include the plural and terms

6 stated in the Plan in the plural shall be deemed to include the

7 singular.

8 **SECTION 13**

9 **REQUEST FOR CONFIRMATION**

10     Debtor requests confirmation pursuant to § 1129 of the

11 Code.

12

13 DATED:   January 27, 2011.

14

15                         DAVID L. FLYNN

16

17

18                         CARLA FLYNN

19

20 GRIFFITH & THORNBURGH, LLP

21

22 By

23     JOSEPH M. SHOLDER,
    JILL M. HIMLAN,

24     Counsel for Debtors
    DAVID L. FLYNN AND CARLA FLYNN

25

26

27

28

- 30 -

In re: David and Carla Flynn
Case No. ND 10-14821-RR

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
8 E. Figueroa Street, Suite 300, Santa Barbara, CA

A true and correct copy of the foregoing document described as   **FIRST AMENDED PLAN OF REORGANIZATION** will
be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the
manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General
Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink
to the document. On   **JAN. 30, 2012**                     I checked the CM/ECF docket for this bankruptcy case or
adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF
transmission at the email address(es) indicated below:

- John B Acierno    ecfcacb@piteduncan.com
- Brian D Fittipaldi    brian.fittipaldi@usdoj.gov
- Christopher M McDermott    ecfcacb@piteduncan.com
- Joshua L Scheer    jscheer@scheerlawgroup.com
- Joseph M. Sholder    sholder@g-tlaw.com
- Eric J Testan    ecfcacb@piteduncan.com
- Balpreet Thiara    ecfcacb@piteduncan.com
- United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On   **JANUARY 30, 2012**            , I served the following person(s) and/or entity(ies) at the last known address(es)
in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the
United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the
judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document
is filed.
                                                            **By USPS regular mail:**

☒ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or
entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on   **JAN. 30, 2012**            , I served the following
person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by
facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on
the judge will be completed no later than 24 hours after the document is filed.

By Hand Delivery: Hon. Robin Riblet, United States Bankruptcy Court, 1415 State Street, Santa Barbara, CA

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| Jan. 30, 2012 | EVELYN R. DOWNS | |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                       **9013-3.1.PROOF.SERVICE**

**In re: DAVID LLOYD FLYNN and CARLA FLYNN**
**United States Bankruptcy Court, Central District of California**
**Northern Division, Case No. ND 10-14821-RR**

**Service List for All Creditors:**

CLASS 1 BALLOT:

CAPITAL ONE NA
C/O PITE DUNCAN LLP
PO BOX 17933
SAN DIEGO, CA 92177

CLASS 2 BALLOTS:

PAUL GOULD
7635 WEST ZAYANTE ROAD
FELTON, CA 95108

HOWARD FURER
208 CALVIN PLACE
SANTA CRUZ, 95060

ROBERT JOHNSON & OMAR JAMES
311 BONITA DR
APTOS, CA 95003

RICHARD PICKARD & CAROL HILL PICKARD
109 SEBASTIAN COURT
LOS GATOS, CA 95032

CLASS 3 BALLOT:

CHALLENGE ASPHALT
118 NOPALITAS WAY
SANTA BARBARA, CA 93013

CLASS 4 BALLOT:

WEIDL CONSTRUCTION
6210 SUNSET RIDGE RD
SANTA BARBARA, CA 93117

CLASS 5 BALLOT:

SANTA BARBARA COUNTY
TREASURER-TAX COLLECTOR
105 E ANAPAMU STREET
SANTA BARBARA, CA 93101

[see next page]

CLASS 7 BALLOTS:

ACUON INC
426 ROSEDALE COURT
CAPITOLA, CA 95010

AMERICAN RESPONSE
PO BOX 3429
MODESTO, CA 95353

ANACAPA EQUINE
328 SQUIRE DRIVE
WELLINGTON, FL 33414

ARTISTIC TOUCH & DESIGN
C/O PRA RECOVERY
1045 ROUTE 109  #105
LINDENHURST, NY 11757

BANK OF AMERICA
PO BOX 301200
LOS ANGELES, CA 90030-1200

CAPITAL ONE
PO BOX 60599
CITY OF INDUSTRY, CA 91716-0599

CAPITAL ONE BANK NA
6151 CHEVY CHASE DR
LAUREL, MD  20707-2918

CHASE
PO BOX 94014
PALATINE, IL  60094-4014

CITI BANK
PO BOX 6000
THE LAKES, NV 89163-6000

HOME DEPOT D
PO BOX 182676
COLUMBUS, OH 43218-2676

INTERNAL REVENUE SERVICE
PO BOX 7346
PHILADELPHIA, PA  19101-7346

ISO-CAL
PO BOX 1691
OXNARD, CA 93032

LEXUS FINANCIAL
PO BOX 60114
CITY OF INDUSTRY, CA 91716-0114

LOWES
PO BOX 530914
ATLANTA, GA  30353-0914

MULLEN & HENZELL
PO BOX 789
SANTA BARBARA, CA 93102-0789

POLO CLUB
C/O CENTURY CREDIT & COLLECTION
6477 TELEPHONE RD  #5
VENTURA, CA 93003

RANCHO JONATA
PO BOX 5
BUELLTON, CA 93427

RICHENBACKER COLLECTION SERVICES
1505 CONCORD CIRCLE
MORGAN HILL, CA 95037

SANTA BARBARA COTTAGE HOSPITAL
BATH AND PUEBLO STREETS
SANTA BARBARA, CA 93105

SANTA BARBARA COUNTY
PLANNING & DEVELOPMENT DEPT
123 E ANAPAMU STREET
SANTA BARBARA, CA 93101

SANTA BARBARA RADIOLOGY
PO BOX 4219
ORANGE, CA 92863-4219

ERIC WOOSLEY
ATTORNEY AT LAW
1602 STATE STREET
SANTA BARBARA, CA 93101

FIRST REPUBLIC BANK
111 PINE ST  3RD FLOOR
SAN FRANCISCO, CA 94111

HOME DEPOT
PO BOX 182676
COLUMBUS, OH 43218-2676

IN RE: DAVID AND CARLA FLYNN
UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA
CASE NUMBER:   9:10-BK-14821-RR

ALL OTHERS ON SERVICE LIST:

COUNTY ASSESSOR |COUNTY GOVERNMENT CENTER, ROOM 100|SAN LUIS OBISPO, CA 93408
COUNTY TAX COLLECTOR |P.O. BOX 357|SANTA BARBARA, CA 93102
EMPLOYMENT DEVELOPMENT DEPT. |BANKRUPTCY GROUP MIC 92E|P.O. BOX 826880|SACRAMENTO, CA 94280-0001
FIRST REPUBLIC BANK |C/O SCHEER LAW GROUP, LLP|155 N. REDWOOD DRIVE, SUITE 100|SAN RAFAEL, CA 94903
FRANCHISE TAX BOARD |BANKRUPTCY SECTION MS: A-340|P.O. BOX 2952|SACRAMENTO, CA 95812-2952
SECURITIES & EXCHANGE COMMISSION |5670 WILSHIRE BLVD., 11TH FLOOR|LOS ANGELES, CA 90036
CAPITAL ONE BANK (USA), N.A. |BY AMERICAN INFOSOURCE LP AS AGENT|PO BOX 71083|CHARLOTTE, NC 28272-1083
CHASE BANK USA, N.A. |PO BOX 15145|WILMINGTON, DE 19850-5145
ERIC WOOSLEY |ATTORNEY AT LAW|1602 STATE STREET|SANTA BARBARA, CA 93101
FINANCIAL CREDIT NETWORK INC |PO BOX 3084|VISALIA CA 93278
FRANCHISE TAX BOARD |BANKRUPTCY SECTION MS A340|PO BOX 2952|SACRAMENTO CA 95812-2952
GE MONEY BANK |C/O RECOVERY MANAGEMENT SYSTEMS CORPORAT|25 SE 2ND AVE SUITE 1120|MIAMI FL 33131-1605
GOPAL AND GLADYS MIRWANI |12 JUDY LANE|STAMFORD CT 06906
SOUTH COAST EMERG MED GROUP |PO BOX 10040|WESTMINSTER CA 92685-0040
TOYOTA MOTOR CREDIT CORPORATION |3200 WEST RAY ROAD|CHANDLER, AZ 85226
UNITED STATES TRUSTEE |21051 WARNER CENTER LN 115|WOODLAND HILLS CA 91367

In re:  David and Carla Flynn
Case No. ND 10-14821-RR

## NOTE TO USERS OF THIS FORM:

**1)**  Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
**2)**  The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3)**  **Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
**4)**  **Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. <u>DO NOT</u> list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*)

### ORDER CONFIRMING FIRST AMENDED PLAN OF REORGANIZATION DATED JANUARY 27, 2012

was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of ___**MARCH 22, 2012**___, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- John B Acierno    ecfcacb@piteduncan.com
- Brian D Fittipaldi    brian.fittipaldi@usdoj.gov
- Christopher M McDermott    ecfcacb@piteduncan.com
- Joshua L Scheer    jscheer@scheerlawgroup.com
- Jill M Himlan himlan@g-tlaw.com
- Joseph M. Sholder    sholder@g-tlaw.com
- Eric J Testan    ecfcacb@piteduncan.com
- Balpreet Thiara    ecfcacb@piteduncan.com
- United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*

**9021-1.1.NOTICE.ENTERED.ORDER**